**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **AARON DEWAYNE MARRS,** | ) | |
| **ID # 56487-177,** | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:20-CV-3418-D-BH** |
| **vs.** | ) | **No. 3:17-CR-573-D(14)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on November 13, 2020 (doc. 2), should be **DENIED** with prejudice.

## I.     BACKGROUND

Aaron Dewayne Marrs (Movant) challenges his federal conviction and sentence in Cause No. 3:17-CR-573-D(14).  The respondent is the United States of America (Government).

### A.     Conviction and Sentencing

Movant was charged by indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One), and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count Fifteen).  (*See* doc. 1.)[2]  He pled guilty to Count Fifteen of the indictment, under a plea agreement.  (*See* docs. 171, 203.)

In the plea agreement, Movant stated that he understood and waived his rights to plead not

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:17-CR-573-D(14).

guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself.  (*See* doc. 171 at 1.)[3]  He agreed that he understood the nature and elements of the crime to which he was pleading guilty; the plea agreement set out the range of punishment for Count Fifteen and stated that Movant had reviewed the federal sentencing guidelines with counsel, he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and no one could predict with certainty the outcome of the Court's consideration of the guidelines.  (*See id.* at 1-3.)  He understood that the Court had sole discretion to impose the sentence.  (*See id.* at 3.)  The guilty plea was freely and voluntarily made; it was not the result of force or threats, or of promises apart from those included in the plea agreement, and there were no guarantees or promises from anyone about what sentence would be imposed.  (*See id.* at 6.)  He waived his right to appeal his conviction and sentence and his right to contest the conviction and sentence in any collateral proceeding, except in the limited circumstances set forth in the agreement.  (*See id.*)  In exchange, the Government agreed not to bring any additional charges against Movant based on the conduct underlying and related to his guilty plea, to file a supplement in the case regardless of whether there were any additional terms to the agreement, and to dismiss any remaining charges in the pending indictment after sentencing.  (*See id.* at 5.)

Under the plea agreement, Movant also agreed that a factual resume he signed was true and correct and would be submitted as evidence.  (*See id.* at 2.)  The factual resume set out the essential elements of Count Fifteen, and Movant agreed that he committed each of them; he stipulated that when stopped by law enforcement on September 26, 2017, he was in possession of 43 grams of methamphetamine, which he intended to distribute.  (*See* doc. 170 at 1-3.)  He agreed

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

that the factual resume was not intended to be a complete accounting of all the facts and events related to the charged offense. (*See id.* at 3.)

At his re-arraignment on January 19, 2018, Movant acknowledged under oath that he understood the nature of the charge to which he was pleading guilty, the plea agreement, and the plea agreement supplement. (*See* doc. 429 at 7-8.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal except in very limited circumstances. (*See id.* at 9-11, 15.) He understood that by pleading guilty to Count Fifteen, he was subjecting himself to penalties that included a maximum period of 20 years' imprisonment. (*See id.* at 12.) He affirmed that he had discussed with his attorney how the sentencing guidelines worked; he understood that the guidelines were advisory, his counsel's professional opinion concerning what the guideline range might be was not a guarantee or promise, and his advisory guideline range would not be determined until after a presentence investigation report (PSR) was completed and the parties were given an opportunity to object to the facts in the PSR and the proposed guideline range. (*See id.* at 13-15.) He affirmed that he was not pleading guilty based on any promises by anyone other than those in the plea agreement and its supplement, no one had made any specific prediction or promise to him about what his sentence would be, and he understood the Court alone would decide his sentence. (*See id.* at 8-9, 13.) He affirmed that he had the opportunity to carefully read and discuss the factual resume with counsel, he committed each of the essential elements set forth in it, and the facts stipulated therein were true and correct. (*See id.* at 17-18.) He pled guilty to Count Fifteen, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 16, 18.)

On April 11, 2018, the United States Probation Office (USPO) prepared a PSR in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 267-1 at ¶ 24.) Relying

on information from the indictment, Movant's factual resume, investigative reports of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Texas Department of Public Safety, and corroboration from an ATF agent, the PSR stated that a search of Movant's vehicle during a traffic stop on September 19, 2017, produced approximately 43 grams of methamphetamine. (*See id.* at ¶¶ 8, 11.) Movant was arrested as a result, and during a post-arrest interview, he admitted that he purchased various amounts of methamphetamine from at least three sources from July to September 2017; he stated that on September 18, 2017, he purchased two ounces, or 56.70 grams, of methamphetamine, and that he purchased between one and four ounces of methamphetamine daily from his various sources, which the PSR determined amounted to approximately 207.5 ounces, or 5,882.63 grams, of methamphetamine. (*See id.* at ¶¶ 11, 13.) Movant was held accountable for a total of 5,982.33 grams of methamphetamine based on the amount recovered during the traffic stop and the amounts to which he admitted during his post-arrest interview. (*See id.* at ¶ 17.) Applying the drug quantity table under U.S.S.G. § 2D1.1(c)(3), the PSR calculated a base offense level of 34. (*See id.* at ¶ 25.) Two levels were added because the methamphetamine was imported from Mexico, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 33. (*See id.* at ¶¶ 26, 32-34.) Based on a total offense level of 33 and a criminal history category of III, the resulting guideline imprisonment range was 168 to 210 months. (*See id.* at ¶ 97.)

Movant objected to the PSR on grounds that did not affect the guideline calculations, and the USPO addressed the objections in an addendum that supported the PSR as written. (*See* docs. 383, 386-1.) On November 21, 2018, the USPO issued a second addendum in which it removed Movant's three level deduction for acceptance of responsibility because his pre-trial release was revoked after he tested positive for methamphetamine and failed to report. (*See* doc. 414-1.) His

new total offense level became 36.  (*See id.* at ¶¶ 35-37.)  Based on a total offense level of 36 and a criminal history category of III, the resulting guideline imprisonment range was 235 to 293 months.  (*See id.* at ¶ 100.)  Because 240 months' imprisonment was the statutory maximum for the offense, the new resulting guideline imprisonment range became 235 to 240 months.  (*See id.*)

At the sentencing hearing on February 22, 2019, Movant's counsel objected to the removal of Movant's deductions for acceptance of responsibility.  (*See* doc. 428 at 5-7.)  The Government stated that it would move for the third point for acceptance of responsibility if the Court granted acceptance of responsibility.  (*See id.* at 7.)  The Court sustained the objection and granted acceptance of responsibility, resulting in the original guideline imprisonment range of 168 to 210 months.  (*See id.* at 7-8.)  Counsel also moved for a downward variance from the guideline range, arguing that it was primarily based on drug amounts to which Movant admitted during his pre-indictment cooperation with the Government, and based on the sentencing factors under 18 U.S.C. § 3553(a), including Movant's military service, methamphetamine addiction, and mental health issues.  (*See id.* at 8-14, 17.)  Noting there were no allegations that Movant's admissions about the drug quantity amounts were untrue, the Court did not grant a downward variance, but it found that a sentence at the bottom of the guideline range was sufficient.  (*See id.* at 19-20.)  By judgment dated February 25, 2019, Movant was sentenced to 168 months' imprisonment, to be followed by a three-year term of supervised release.  (*See* doc. 419 at 1-3.)

On appeal, appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed on November 14, 2019.  *See United States v. Marrs*, 784 F. App'x 288 (5th Cir. 2019).  Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.    <u>Substantive Claims</u>**

Movant asserts the following grounds for relief:

(1) Denial of effective assistance of counsel;

(2) Violations of Movant's Fifth and Sixth Amendments [sic];

(3) Movant was eligible for minor-role; and

(4) Counsel ineffective [sic] by failing to seek a variance downward departure.

(No. 3:20-CV-3418-D-BH, doc. 2 at 4-8.)  The Government filed a response on January 19, 2021. (*See id.*, doc. 6.)  Movant did not file a reply.

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.    INEFFECTIVE ASSISTANCE OF COUNSEL

In each of his grounds for relief, Movant alleges that he received ineffective assistance of counsel.  (*See* No. 3:20-CV-3418-D-BH, doc. 2 at 4, 7-8; *see also id.*, doc. 3 at 2, 6.)  He generally claims that "counsel's failures were deficient and prejudicial consequently [sic], said deficient performance prejudiced [Movant] by erroneously leading him to enter a guilty plea, and receive the unreasonable sentence imposed under the law."  (*Id.*, doc. 3 at 5.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at

7

694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

## A.    Drug Quantity Amount

In his first and second grounds, Movant contends that counsel was ineffective in connection with the drug quantity amounts for which Movant was held accountable for purposes of sentencing. (*See* No. 3:20-CV-3418-D-BH, doc. 3 at 4-8.)

### 1.    *Sentence Exposure*

In the sixth claim of his first ground,[4] Movant contends that counsel "[f]ailed to effectively engage in the plea negotiations process and accurately inform his client of the accurate legal sentence under the law." (No. 3:20-CV-3418-D-BH, doc. 3 at 5.) Other than this statement, he does not otherwise explain or describe how counsel failed to accurately inform him of the accurate legal sentence in connection with this claim. His second ground, however, alleges that "defense counsel represented to [Movant] that said amounts [of 43 grams of methamphetamine] would be the drug amount used to calculate his drug table base offense level, and that Government had agreed that his criminal conduct regarding drug amounts would not exceed the 43 grams of ICE/Actual Methamphetamine." (*Id.*, doc. 3 at 6.) His claim is therefore liberally construed as alleging that counsel did not accurately advise him about his sentence exposure in relation to the drug quantity amounts for which he would be held accountable.

---

[4] Because resolution of some grounds for relief may impact some of the remaining claims, they are considered in an order different than presented by Movant.

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'"  *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)).  "'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'"  *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*.  When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted).  A significant miscalculation between counsel's erroneous sentence estimate and the actual sentencing range can constitute deficient performance.  *See id.* at 437 (finding that counsel was deficient for advising his client that he faced only 6 to 12 months' imprisonment if convicted based on misunderstanding of the guidelines, when he actually faced a range of 70 to 87 months); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (stating that "[a]n attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial.").

Even assuming for purposes of this motion only that counsel rendered deficient performance in representing Movant's sentence exposure as alleged, deficient performance alone is insufficient to establish relief under § 2255.  *Strickland* also requires a showing of resulting prejudice.  To demonstrate prejudice in the context of plea negotiations, a movant must show a

reasonable probability that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). When, as here, a movant claims that "ineffective assistance led to the improvident acceptance of a guilty plea," he must show that, but for counsel's deficient performance, there is a reasonable probability that he "'would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill*, 474 U.S. at 59). When a movant

> adduce[s] no proof that he was promised or assured of a specific sentence, but, rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty . . . [and when] [t]he plea agreement and the record of the change of plea hearing are replete with references to the fact that the District Court would make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose[,]

the district court properly denies relief for lack of prejudice. *United States v. Ritter*, 93 F. App'x 402, 404-05 (3d Cir. 2004); *see also United States v. Mackay*, No. 3:04-CV-0413-D, 2007 WL 700895, at *26-27 (N.D. Tex. Mar. 6, 2007).

Here, Movant was advised both through the plea agreement and by the Court in person that by pleading guilty, he was subjecting himself to a statutory maximum period of imprisonment of 20 years on Count Fifteen. (*See* doc. 171 at 2; doc. 429 at 12.) He was also advised through the plea documents and at his re-arraignment that his sentence would be imposed after the Court's consideration of the sentencing guidelines, which were advisory and not mandatory. (*See* doc. 171 at 3; doc. 429 at 13-15.) He swore in open court that he was not pleading guilty based on any promises by anyone other than those in the plea agreement and its supplement, no one had made any specific prediction or promise to him about what his sentence would be, he understood that no one, including his counsel, could predict in advance what his sentence would be, and only the Court could determine his sentence. (*See* doc. 429 at 8-9, 13-15.)

Regardless of what counsel told him about the applicable drug quantities that would be considered under the sentencing guidelines, Movant cannot show prejudice under *Strickland* because his plea documents and responses under oath to the Court's questioning show that he was clearly informed about and understood his maximum sentence exposure when he pled guilty under the plea agreement.  He provides only conclusory post-hoc allegations to show a reasonable a probability that he would not have pled guilty and would have proceeded to trial absent counsel's alleged deficiency.  Movant is therefore not entitled to § 2255 relief on this ground, and it should be denied.[5]

### 2. Re-arraignment Hearing

In the first claim of his first ground and in his second ground, Movant contends that counsel "made no attempts to establish drug quantity amounts during the Rule 11 factual basis hearing to protect [Movant] from erroneous applications [sic] drug amounts under relevant conduct section 1B1.3 of the U.S. Sentencing Guidelines."  (No. 3:20-CV-3418-D-BH, doc. 3 at 6; *see also id.*, doc. 2 at 4; doc. 3 at 4.)

The record shows that the PSR held Movant accountable for 43 grams of methamphetamine that was found during a search of his vehicle following a traffic stop, and to which he stipulated in

---

[5] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.*  When the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record," however, the Court may dispense with his allegations without an evidentiary hearing. *Id.*  Here, Movant has not provided evidence of specifically where and when counsel made any promise that allegedly caused him to plead guilty or identified an eyewitness to any promise.  He also has failed to provide independent indicia of the merit of an alleged promise.  To the extent Movant's claim may be liberally construed to argue that counsel promised he would receive a specific sentence, he has not demonstrated entitlement to an evidentiary hearing or to § 2255 relief on this basis.

his factual resume. (*See* doc. 267-1 at ¶¶ 11, 16.) The PSR also held him accountable for an additional 5,882.63 grams of methamphetamine based on his admissions to law enforcement during a post-arrest interview from the traffic stop. (*See id.* at ¶¶ 13, 16.) The determination of the applicable drug quantities that would be attributed to Movant was not known until the PSR was prepared, *after* he entered his guilty plea. (*See* doc. 267-1; doc. 429 at 14-15.) Movant does not identify any legitimate basis on which counsel could have established a specific drug quantity amount that would apply in Movant's case for purposes of sentencing prior to the completion of the PSR. Because he offers nothing more than conclusory allegations to support his claim, he fails to show that counsel's performance was deficient for failing to attempt to establish a specific drug quantity to be attributed to Movant at his re-arraignment. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'").

Even if counsel rendered deficient performance as alleged, Movant also fails to provide any facts or evidence to show a reasonable probability that the outcome of the proceedings would have been different, or that he would have decided not to plead guilty and would have proceeded to trial, had counsel attempted to establish the drug quantity amounts for which he would be held accountable at sentencing during the re-arraignment hearing. He therefore has not satisfied his burden to show resulting prejudice under *Strickland*. Because his allegations fail to satisfy his burden under both prongs of *Strickland*, the claim should be denied.

### 3. *Sentencing*

In the first claim of his first ground, and in his second ground, Movant contends that

counsel was ineffective because she "failed to file timely written objections to the [PSR], or object during the . . . sentencing hearing to the relevant conduct amount of drugs alleged by government [sic] that [M]ovant was responsible for during the dates of the conspiracy." (No. 3:20-CV-3418-D-BH, doc. 3 at 4; *see also id.*; doc. 2 at 4; doc. 3 at 6, 12.) He argues that "the record will demonstrate that [Movant] was alleged to be involved with 43 grams of ICE/Actual Methamphetamine, as part of his participation within the charged conspiracy." (*Id.*, doc. 3 at 6.) According to Movant, "these amounts are supported by the investigation reports of the case, the fact that defense counsel represented to [Movant] that said amounts would be the drug amount used to calculate his drug table base offense level, and that Government had agreed that his criminal conduct regarding drug amounts would not exceed the 43 grams of ICE/Actual Methamphetamine." (*Id.*) Movant also contends in the third claim of his first ground that counsel "[f]ailed to properly raise and litigate and effectively couter [sic] the Governments' [sic] contentions that [Movant] was responsible for 1.5 kgs but less than 4.5 kgs of ICE/Actual Methamphetamine."[6] (*Id.*, doc. 3 at 4.)

As discussed, the record shows that the methamphetamine amounts for which Movant was held accountable at sentencing were based on his own admissions to law enforcement in a post-arrest pre-indictment interview. (*See* doc. 267-1 at ¶¶ 13, 17.) Counsel did not file written objections to the PSR's drug quantity determinations, but she argued at sentencing that a downward variance from the guideline range was warranted because Movant's guideline sentence was primarily based on the methamphetamine amounts to which he admitted during his pre-

---

[6] In the underlying criminal case, Movant was held accountable for at least 5 kilograms but less than 15 kilograms of methamphetamine under the sentencing guidelines, and he appears to be arguing in his habeas filings that he should have been held accountable for only 43 grams of methamphetamine, i.e., less than 1.5 kilograms. (*See* doc. 267-1 at ¶ 25; No. 3:20-CV-3418-D-BH, doc. 3 at 6, 9.) His allegation is construed as claiming that counsel was ineffective for failing to properly raise, litigate, and challenge the methamphetamine amount for which he was ultimately held accountable.

indictment cooperation with the Government after being arrested during a traffic stop.   (*See* doc. 428 at 8-12, 17.)  She argued that the use of those drug amounts for sentencing was unfair because Movant was attempting to cooperate with the Government when he made those admissions.  (*See id.*)  The Court rejected the argument on the basis that Movant provided true information in his admissions to law enforcement, and there was no credible evidence that law enforcement told Movant they would not use the information he provided.  (*See id.* at 19-20.)

Even assuming for purposes of this motion only that counsel rendered deficient performance by failing to further challenge the drug quantity amounts during the sentencing proceedings as alleged, *Strickland* also requires a showing of resulting prejudice.  To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh.  *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice.").  One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture.  *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

Here, Movant has failed to provide any facts or evidence beyond conclusory allegations unsupported by the record to show that his sentence would have been less harsh if counsel had further challenged or objected to the drug quantities attributed to him.  His conclusory allegations, unsubstantiated by evidence in the record, fail to show *Strickland* prejudice. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Miller*, 200 F.3d at 282.  Movant's claim is without merit, and it should be denied.

### *4. Indictment*

Movant's second ground appears to suggest that counsel should have challenged the drug quantity amount attributed to him on grounds that it was an essential element of the charged offense and should have been included in the indictment.  (*See* No. 3:20-CV-3418-D-BH, doc. 3 at 7-8.)

Even assuming for purposes of this motion only that this claim is not waived,[7] it is without merit.  "To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense." *United States v. White*, 258 F.3d 374, 381 (5th Cir. 2001) (quoting *United States v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1999), *overruling on other grounds recognized by United States v. Longoria*, 298 F.3d 367, 372 n.6 (5th Cir. 2002)).  "[A]n indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Bearden*, 423 F.2d 805, 810 (5th Cir. 1970)).  With drug charges in an indictment, the drug quantity must be alleged only where the government seeks an enhanced penalty under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B).  *United States v. Randle*, 304 F.3d 373, 376 (5th Cir. 2002) (citing *United States v. Doggett*, 230 F.3d 160, 163 (5th Cir. 2000)).

Here, Movant was charged in Count Fifteen under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), for which a specific drug quantity was not necessary. *See id.*  Any challenge to the indictment on the basis that the quantity was not alleged would therefore have been without merit.  *See id.*

---

[7] Movant does not challenge the voluntariness of his guilty plea in this action.  "It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below." *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982) (holding that a voluntary guilty plea "waives all non-jurisdictional defects in the proceedings against a defendant.").  Because Movant entered a knowing and voluntary guilty plea that he does not challenge in this habeas action, he waived his challenge alleging a defect in the indictment, and any claim of ineffective assistance of counsel based on it. *See, e.g.*, *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Because counsel is not deficient for failing to raise a meritless claim, Movant fails to demonstrate deficient performance under *Strickland*. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). He also fails to show resulting prejudice under *Strickland*. *See Kimler*, 167 F.3d at 893. Because he has not satisfied his burden under *Strickland*, his claim is without merit, and it should be denied.

**B.    Erroneous Base Offense Level**

In the second claim of his first ground, Movant contends that counsel was ineffective because she "[f]ailed to raise and litigate an erroneous Base offense level of 36." (No. 3:20-CV-3418-D-BH, doc. 3 at 4.) Aside from this single statement, he does not otherwise explain or address this argument in his habeas filings.

The record shows that Movant's base offense level was 34. (*See* doc. 267-1 at ¶ 25.) The subsequent second addendum to the PSR did not change his base offense level, but because it removed his deductions for acceptance of responsibility, his resulting total offense level was 36. (*See* doc. 414-1 at ¶¶ 35-37.) At sentencing, counsel objected that Movant was entitled to deductions for acceptance of responsibility. (*See* doc. 428 at 5-7.) The Court sustained the objection, and the Government moved for a one-level deduction for acceptance of responsibility, resulting in a total offense level of 33. (*See id.* at 7-8.) Because Movant did not have a base offense level of 36, his claim is without merit. *See Ross*, 694 F.2d at 1011. To the extent his claim may be liberally construed as referring to the total offense level of 36 that was calculated in the PSR's second addendum, rather than his base offense level, the claim is without merit because the

record shows that counsel challenged the total offense level under the PSR's second addendum at sentencing. *See id.*

Because the bases for his claim are without merit, Movant fails to show deficient performance and resulting prejudice under *Strickland*. *See Kimler*, 167 F.3d at 893; *Sones v. Hargett*, 61 F.3d at n.5; *Ross*, 694 F.2d at 1011. Accordingly, the claim should be denied.

## C.    Section 3553(a) Factors

In the fifth claim of his first ground and in his fourth ground, Movant contends that counsel "was ineffective by failing to seek any variance or reduction of sentence under 18 USC § 3553(a) factors." (No. 3:20-CV-3418-D-BH, doc. 3 at 12; *see also id.*, doc. 2 at 4, 8; doc. 3 at 5.) He argues that the "circumstances and the nature of the offense were such that it was a low-level, non violent [sic] offense," he "is not a danger to the safety of any other person or to the community," and he "is participating in numerous rehabilitative programs, seeking help with his combat related [sic] PTSD." (*Id.*, doc. 3 at 14.) He further argues "that as an addicted, and diminish [sic] capacity, non/violent [sic] drug offender this 168 months [sic] prison sentence is much greater than necessary to achieve the goals of sentencing." (*Id.*, doc. 3 at 15.) He claims that "[h]ad [Movant's] counsel argued for a downward variance on the foregoing factors the Court would likely have agreed." (*Id.* doc. 3 at 15.)

Movant's unsubstantiated allegations are refuted by the record. At the sentencing hearing, counsel expressly moved for a downward variance from the sentencing guidelines based on the § 3553(a) factors. (*See* doc. 428 at 12-14.) Counsel highlighted Movant's service in the military, his mental problems, and his history of addiction in arguing that a downward variance from the guideline range was warranted. (*See id.*) He also appears to allege that counsel was ineffective because Movant: (1) "was never heard on the nature of his PTSD[,]" on the fact "that he had

17

suffered a serious brain injury, which left him with diminish [sic] capacity," or on "his history of drug addiction"; (2) there was "[n]o mention of his Honorable discharged [sic] from the United States Army"; and he (3) "never has had an opportunity to present to this Court his reasons for falling into such deep depression and commit [sic] the criminal conduct he now has to confront through medication and the physical injuries he has suffered." (No. 3:20-CV-3418-D-BH, doc. 3 at 13.) These allegations are also refuted by the record; Movant's honorable discharge from the military, and his physical, mental, and emotional health and injuries, were included in the PSR, counsel argued for a downward variance based on his history of addiction and mental problems, and Movant was offered the opportunity to personally address the Court on the record before his sentence was imposed. (*See* doc. 267-1 at ¶¶ 72-78, 85-86; doc. 428 at 3, 12-14, 17.) In exercising his right to personally address the Court at sentencing, he chose not to discuss any of the circumstances which he now claims he was denied the opportunity to present. (*See* doc. 428 at 18.) Instead, he stated, "First of all, I just want to apologize to the country and society that I used to fight for, for choosing the lifestyle I chose, inadvertently or whatever. And I just – like everyone else, I just ask for as much leniency as I can ask for from you, sir. Thank you." (*Id.*) Because each of the bases on which Movant's ineffective-assistance-of-counsel claim is premised is refuted by the record, his claim does not entitle him to § 2255 relief. *See Ross*, 694 F.2d at 1011.

Additionally, to the extent Movant's claim may be liberally construed as contending that counsel should have further argued for a downward variance based on the § 3553(a) factors, he has not alleged or shown any additional facts or evidence that counsel could have further argued that was not already available in the record. Even if he had, his claim still fails because he has not shown resulting prejudice under *Strickland*; his conclusory allegations of prejudice are insufficient to satisfy his burden. *See Miller*, 200 F.3d at 282. The claim should also be denied on this basis.

D.    **Government's Agreement**

In the seventh claim of his first ground, Movant contends that counsel was ineffective because she "[f]ailed to inform the Trial Court that government [sic] had agreed to recommend that [he] be held accountable for only 43 grams of ICE/Actual Methamphetamine which would place him at BOL. [sic] 28 under USSG § 2D1.1(c)."  (No. 3:20-CV-3418-D-BH, doc. 3 at 5.)

In the plea agreement, the Government agreed it would: (1) not bring any additional charges against Movant based on the conduct underlying and related to his guilty plea; (2) file a supplement regardless of whether or not there were any additional terms; and (3) dismiss, after sentencing, any remaining charges in the pending indictment.  (*See* doc. 171 at 5.)  The plea agreement and its supplement contained no agreement by the Government that it would recommend that Movant be held accountable for only 43 grams of methamphetamine.   Further, Movant swore in open court that he understood the plea agreement and its supplement, and that he was not pleading guilty based on any promises by anyone, other than those set forth in the plea agreement and its supplement.  (*See* doc. 429 at 8-9.)

Because the record shows there was no agreement by the Government regarding any recommendation about the drug quantity amount for which Movant would be held accountable for sentencing purposes, counsel was not deficient for failing to make a futile or meritless argument to the contrary.  *See Kimler*, 167 F.3d at 893; *Sones*, 61 F.3d at n.5.  Additionally, Movant's conclusory allegations of prejudice are insufficient to show a reasonable probability that the result of his sentencing proceedings would have been different, i.e., that his sentence would have been less harsh absent counsel's alleged deficiency.  *See Miller*, 200 F.3d at 282.  Movant has failed to satisfy both *Strickland* prongs, and the claim should be denied.

E.    **Mitigating Role Reduction**

In the fourth claim of his first ground and in his third ground, Movant contends that counsel was "ineffective by failing to raise and litigate a reduction for minor role under USSG 3B1.2(b)," and "by failing to develop the record on this issue, which would of [sic] supported [Movant's] contentions that he was a minor role participant in the instant offense." (No. 3:20-CV-3418-D-BH, doc. 3 at 10, 12; *see also id.*, doc. 3 at 5.) He claims that he "was eligible for application of a Minor-Role downward departure under § 3B1.2(b)." (*Id.*, doc. 3 at 10.)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," however. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal, that "[t]o establish his failure to investigate claim, [the defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him."). "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Section 3B1.2 of the United States Sentencing Guidelines provides for a four-level reduction to the offense level for a defendant who is a "minimal participant," a two-level reduction for a defendant who is a "minor participant," and a three-level reduction for a defendant falling between those two categories. This section applies only to a defendant who plays a part in committing the offense that makes him "substantially less culpable" than the average participant

in the criminal activity. U.S.S.G. § 3B1.2, cmt. n.3(A); *see also United States v. Thomas*, 963 F.2d 63, 65 (5th Cir. 1992) ("Even if other codefendants were more culpable, that does not automatically qualify [defendant] for either minor or minimal status. Each participant must be separately assessed."). A defendant is entitled to this reduction if he shows at sentencing by a preponderance of the evidence: "(1) the culpability of the average participant in the criminal activity; and (2) that [ ]he was substantially less culpable than that participant." *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016).

Here, the PSR determined that two of Movant's fourteen co-defendants were wholesale suppliers of methamphetamine. (*See* doc. 267-1 at ¶ 10.) One of the two wholesale suppliers distributed methamphetamine to Movant and eight co-defendants; the other wholesale supplier distributed to a ninth co-defendant, who in turn distributed to two other co-defendants. (*See id.*) According to Movant, he was a minor or minimal participant in the underlying conspiracy offense because he: (1) "had limited knowledge of the scope and structure of the criminal activity that he became as [sic] part of the conspiracy," "never met with heads of the conspiracy, his only link, [sic] was through the person that provided the oz [sic] amounts to him," and "[n]ever trafficked in kilograms quantities as alleged by the [PSR]"; (2) "had no part in the planning or organizing the criminal activity"; (3) "was less culpable than most other participants in the instant offense," as he "had no decision making authority or influence the exercise of decision making, [sic] authority over any defendants or co-conspirators"; (4) participated "to obtain drugs for his own personal consumption, and re-sale [sic] the rest to support his drug addiction"; and (5) "was not a 'partner' in the instant offense, nor was he a leader/organizer [sic], supervisor or manager he [sic] was a less culpable co-conspirator." (No. 3:20-CV-3418-D-BH, doc. 3 at 10-11.)

Movant has not provided any facts or evidence beyond conclusory statements to show the

culpability of the average participant in the offense or that his culpability was substantially less. Beyond conclusory statements, he also fails to show or explain what further development by counsel would have uncovered that would have been advantageous to him, and how it would have resulted in a different outcome. His conclusory allegations fail to satisfy his burden to show deficient performance by counsel under *Strickland*. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) ("[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a habeas court cannot even begin to apply *Strickland*'s standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.") (citation and internal quotation marks omitted); *Koch*, 907 F.2d at 530.

Even assuming for purposes of this motion only that counsel rendered deficient performance by not seeking a mitigating role adjustment under § 3B1.2 as alleged, Movant has failed to allege any facts or evidence beyond conclusory statements and speculation to show a reasonable probability that counsel would have been successful in obtaining a mitigating role adjustment and the result of his proceedings would have been different. His conclusory allegations and speculation are insufficient to show resulting prejudice under *Strickland*. *See Miller*, 200 F.3d at 282; *Ross*, 694 F.2d at 1011. Because he has not satisfied his burden under *Strickland*, he is not entitled to § 2255 relief on this claim and it should be denied.

## IV.    MISAPPLICATION OF THE SENTENCING GUIDELINES

In his second ground, Movant alleges "[v]iolations of Movant's Fifth and Sixth Amendments [sic]." (No. 3:20-CV-3418-D-BH, doc. 2 at 5.) He contends that his "based [sic] offense level under the Drug Table was erroneously calculated and cause [sic] Movants [sic] to suffer a prejudicial effect in sentencing." (*Id.*) He "submits that his sentence was imposed in

violation of law and was imposed as the result of an erroneous application of the sentencing guidelines and is unreasonable." (*Id.*, doc. 3 at 8.)

It is well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. *See, e.g., United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Payne,* 99 F.3d 1273, 1281-82 (5th Cir. 1996). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Williamson*, 183 F.3d at 462. Accordingly, to the extent Movant asserts an independent claim that the sentencing guidelines were misapplied in his case, his claim is not cognizable under § 2255 and entitles him to no relief.

## V.    EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court on his claims. (*See* No. 3:20-CV-3418-D-BH, doc. 2 at 13.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross*, 694 F.2d at n.2.

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. Movant has therefore failed to demonstrate he is

entitled to an evidentiary hearing on any of his claims.

## VI.   RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on November 13, 2020 (doc. 2), should be **DENIED** with prejudice.

**SIGNED this 18th day of July, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE